UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark Jenni,                                              File No. 20-cv-01600 (ECT/LIB)

    Plaintiff,

v.                                                       **OPINION AND ORDER**

DMV-Moorhead and Chelsea Sylvester,
*DMV Employee*,

    Defendants.

_____

Plaintiff Mark Jenni, *pro se*.

Scott T. Anderson and Kristin C. Nierengarten, Rupp, Anderson, Squires & Waldspurger, Minneapolis, MN, for Defendants DMV-Moorhead and Chelsea Sylvester.

_____

Plaintiff Mark Jenni alleges that Defendants DMV-Moorhead and Chelsea Sylvester, a DMV employee, violated his First Amendment rights when he was refused service at the DMV and issued a trespass citation by police after he recorded in the DMV. Defendants move to dismiss or for summary judgment [ECF No. 23]. Defendants' motion will be granted because DMV-Moorhead is not a legal entity subject to suit and Sylvester has not been properly served.

I

In his Complaint, Jenni alleges that on an unspecified date he went "to Motor Vehicle"—which is understood to mean the Department of Motor Vehicles in Moorhead, Minnesota, since he names DMV-Moorhead as a defendant—to get a new title for his vehicle. Compl. [ECF No. 1] at 3. He alleges that he took his camera with him because

he sometimes likes to record such interactions since he does not "have the best memory" and, additionally on this occasion, he "wanted to see why it was taking 2 months to get a title." *Id.* at 4. Jenni alleges that the following occurred:

> [A] lady ran over and told me that I can't record in there. I told her it is a public place, so I was refused service, then they called the police and had me illegally detained, trespassed, forced to I.D. myself, all for practicing my 1st Amendment. Chelsea Sy[l]vester as a supervisor should have known better.

*Id.*; *see also* ECF No. 27-1 at 5 (Trespass Notice based on Jenni "causing a disturbance" on June 12, 2020, and prohibiting Jenni from entering "Moorhead DMV" until June 12, 2021).[1] Jenni asserts a claim for violation of his First Amendment rights on this basis. Compl. at 3, 4.[2] The parties give further details and views of the incident in submissions beyond the Complaint, *see* Defs.' Mem. Supp. [ECF No. 25] at 2–8; ECF No. 14 (letter from Jenni filed Dec. 21, 2020); ECF No. 21 (letter from Jenni filed Feb. 22, 2021), but those facts are not necessary to the resolution of Defendants' motion.

---

[1] Jenni notes in his Complaint and in other submissions that he is a disabled veteran. Compl. at 4, 5; ECF Nos. 14, 21.

[2] Pro se complaints, like Jenni's, must be construed liberally. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Jenni's claim is construed as being brought under 42 U.S.C. § 1983. *See Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) (action may be brought under § 1983 to "vindicate rights conferred by the Constitution"); *Quality Refrigerated Servs., Inc. v. City of Spencer*, 908 F. Supp. 1471, 1488 n.9 (N.D. Iowa 1995) ("There simply is no direct cause of action arising under the Constitution itself against municipal officials for alleged constitutional violations. Rather courts have held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983.") (citations omitted) (collecting cases). The § 1983 claim provides a basis for subject-matter jurisdiction over this case. *See* 28 U.S.C. § 1331.

Jenni filed this action on July 17, 2020. ECF No. 1. On November 9, 2020, according to certificates of service filed by Jenni, the Sheriff's Office of Clay County, Minnesota, served a summons for each Defendant by leaving those documents with Sylvester. ECF Nos. 10, 11; *see also* Larson Decl. [ECF No. 26] ¶ 12; Sylvester Decl. [ECF No. 27] ¶ 27. The certificates indicate that the Complaint was not served (since they list only the summonses as documents served), *see* ECF Nos. 10, 11, and Sylvester states that the Complaint was not served with the summonses and was never served on her, Sylvester Decl. ¶ 27. Sylvester is an employee of Clay County, in the position of Clay County DMV Supervisor. Sylvester Decl. ¶¶ 1, 3; *see also* Larson Decl. ¶ 3.

Defendants answered on November 30, 2020. ECF No. 12. In the Answer, Defendant "DMV-Moorhead denies that it is a legal entity, separate and distinct from Clay County, and deny [sic] that DMV-Moorhead is an entity subject to suit," and Defendants allege that "there has been an improper service of process in this case, and/or an insufficiency of process," and "there is a lack of jurisdiction due to the improper service of process in this case." Answer ¶¶ II, XVI, XVII. Those issues—that DMV-Moorhead is not an entity subject to suit and that service was improper—were raised again in Defendants' summary of its claims and defenses in the Joint Rule 26(f) Report, filed on February 4, 2021. ECF No. 16 at 2 ("The Defendant's [sic] . . . raise immunity, insufficient service of process, and that the named Defendant DMV-Moorhead is not a legal entity

3

subject to suit.").³ The issues are now raised again in support of Defendants' Motion to Dismiss and/or for Summary Judgment [ECF No. 23]. Defs.' Mem. Supp. at 11–14.

Jenni did not respond to Defendants' Motion. *See* ECF No. 31 (Dec. 22, 2021 Order noting that Jenni's deadline for responding to the Motion had passed and canceling the hearing); ECF No. 32 (letter from Jenni stating he was not aware he was supposed to, and was not notified to, send the Court anything); ECF No. 33 (Jan. 3, 2022 Order stating that Jenni's pro se status "does not excuse his failure to comply with procedural rules"). His previous submissions to the Court indicate he was aware of the issues Defendants raised. *See* ECF. No. 14 ("I do believe DMV is a legal entity. They issue CDL licenses, and registrations."); ECF No. 21 ("I had them served by the sheriff's office. They charged $50, that is what I found out by the state dept."); *id.* ("They are a legal entity. They can cancel or suspend your license, not violate your rights.").

II

A

Defendants contend that DMV-Moorhead is not a legal entity subject to suit, and the claim against it should therefore be dismissed. Defs.' Mem. Supp. at 11–13. Federal Rule of Civil Procedure 17(b) instructs how to determine whether a defendant is an entity subject to suit: "Capacity to sue or be sued is determined as follows: . . . by the law of the state where the court is located," except for an individual, a corporation, or other exceptions

---

³ Defendants represent in their brief that they also raised these issues in their Rule 26 Initial Disclosures. Defs.' Mem. Supp. at 12. Jenni has not said otherwise.

not applicable here. Fed. R. Civ. P. 17(b)(3). Minnesota law, then, determines whether DMV-Moorhead can be sued by Jenni.

Minnesota law grants the power to "sue and be sued" to each county, but not to departments or other units within a county. *See* Minn. Stat. § 373.01, subd. 1(a)(1) ("[E]ach county is a body politic and corporate and may: . . . Sue and be sued."); *see also United States ex rel. Patten v. Aitkin Cnty. Health & Hum. Servs.*, No. 19-cv-1712 (JNE/LIB), 2021 WL 784873, at *5 (D. Minn. Jan. 28, 2021) ("[E]very Court in this District to address the issue has held that a county health and human services department is a mere subdivision of the county itself. Thus, pursuant to Minnesota law, Defendant, Aitkin County Health and Human Services, is not an entity subject to suit because Defendant, Aitkin County Health and Human Services, is merely a subdivision of Aitkin County.") (citations omitted) (collecting cases), *report and recommendation adopted sub nom. United States ex rel. Daniel v. Aitkin Cnty. Health*, 2021 WL 783288 (D. Minn. Mar. 1, 2021); *Campbell v. Hennepin Cnty. Sheriffs*, No. 19-cv-1348 (DWF/ECW), 2020 WL 589547, at *7 (D. Minn. Jan. 21, 2020) ("[C]ourts in the Eighth Circuit and this District have consistently held that county departments are not legal entities subject to suit separate from the county itself.") (collecting cases), *report and recommendation adopted*, 2020 WL 586770 (D. Minn. Feb. 6, 2020).

As a matter of law, DMV-Moorhead is not a legal entity subject to suit, and so Jenni's claim against it must be dismissed. Further, Jenni will not be given an opportunity to amend the Complaint to name Clay County as a defendant. Though that may be appropriate in most cases, Jenni has been on notice of the problem with naming DMV-

5

Moorhead as a defendant since at least November 2020, when the Answer was filed. He has been reminded of the problem several times since. The deadline to amend pleadings has long passed. ECF No. 19 at 2 (Pretrial Scheduling Order setting deadline to amend pleadings or add parties of May 1, 2021). And Jenni has not requested an opportunity to amend. Finally, Jenni's pro se status does not justify leniency in this respect. "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (citation omitted).

B

Defendants contend that Sylvester was not properly served and so the claim against her must be dismissed pursuant to Rule 12(b)(5). Defs.' Mem. Supp. at 13–14. "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Id.* "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant," *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (citations omitted), even if the defendant "had actual notice of the lawsuit," *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885–86 (8th Cir. 1996) (citing *Printed Media Servs.*, 11 F.3d at 843).

"In reviewing a motion to dismiss for insufficient service, the Court is required to consider matters outside the pleadings, including affidavits of service." *Rimmer v. John*

6

*Doe, Inc.*, No. 13-cv-548 (JNE/JJG), 2013 WL 5655865, at *2 (D. Minn. Oct. 16, 2013) (citing *Devin v. Schwan's Home Servs., Inc.*, No. 04-cv-4555 (RHK/AJB), 2005 WL 1323919, at *2 (D. Minn. May 20, 2005)). Considering such evidence does not convert the motion into one for summary judgment under Rule 56. *Id.*; *Devin*, 2005 WL 1323919, at *2. To survive a motion to dismiss for insufficient service, "the plaintiff must establish prima facie evidence that there was sufficient . . . service of process." *Hahn v. Bauer*, No. 09-cv-2220 (JNE/JJK), 2010 WL 396228, at *6 (D. Minn. Jan. 27, 2010) (citing *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas*, 51 F.3d 1383, 1387 (8th Cir. 1995)). "A prima facie case is '[t]he establishment of a legally required rebuttable presumption' or where '[a] party's production of enough evidence [allows] the fact-trier to infer the fact at issue and rule in the party's favor.'" *Devin*, 2005 WL 1323919, at *3 (quoting *Black's Law Dictionary* 1228 (8th ed. 2004)).

Under both the Minnesota Rules of Civil Procedure and the Federal Rules, a plaintiff is required to serve the summons "with a copy of the complaint." Fed. R. Civ. P. 4(c)(1); *id.* ("The plaintiff is responsible for having the summons *and complaint* served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.") (emphasis added); Minn. R. Civ. P. 3.02 ("A copy of the complaint *shall* be served with the summons . . . .") (emphasis added). The certificates of service filed by Jenni and the evidence submitted by Defendants show that Jenni served the summons on Sylvester but not the Complaint. Jenni has not submitted any contrary evidence. Jenni has therefore not met his burden of establishing prima facie evidence that service of process was sufficient here.

More than ninety days have passed since Jenni filed this suit, and service of process on Sylvester has not been completed in accordance with the Federal Rules. Accordingly, this action must either be dismissed without prejudice or Jenni must be ordered to complete service within a specified time. Fed. R. Civ. P. 4(m).

> Under Rule 4(m), a district court must engage in a two-step analysis of motions to dismiss a complaint premised upon untimely service of process. First, it must inquire whether the plaintiff has demonstrated good cause for his failure to serve within the prescribed . . . period. If the district court concludes that good cause is shown, it must extend the time for service. *See* Fed. R. Civ. P. 4(m) (stating that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period"); *see also Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). Second, if good cause is not shown, the district court still retains the discretion to grant an extension of the time for service. *Adams*, 74 F.3d at 887. To warrant such a permissive extension, a plaintiff must demonstrate excusable neglect. *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). A district court's findings at each step of the analysis will not be set aside absent an abuse of discretion. *Adams*, 74 F.3d at 887.

*Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 612–13 (8th Cir. 2003); *see also McCourt v. Carver Cnty.*, No. 18-cv-2772 (DSD/HB), 2019 WL 2525428, at *2 (D. Minn. June 19, 2019) (discussing standard for excusable neglect); *Ziegler v. U.S. Dep't of Transp.*, No. 16-cv-3824 (JNE/SER), 2018 WL 5067374, at *2 (D. Minn. Sept. 18, 2018) (citing *Adams*, 74 F.3d at 887), *report and recommendation adopted*, 2018 WL 5045774 (D. Minn. Oct. 17, 2018).

Applying these considerations here shows that Jenni's time to complete service should not be extended. Jenni has been on notice of the deficiency in service for over a

8

year. Defendants raised a service issue at least as early as November 2020, in their Answer. *See* ECF No. 12 ¶¶ XVI, XVII. Jennie has nonetheless made no attempt to serve Sylvester with a copy of the Complaint, instead insisting in at least one submission Defendants were served. *See* ECF No. 21. This assertion lacks any evidentiary support. Jenni has not attempted to show good cause or excusable neglect, and the record provides no reason to find either.[4]

## ORDER

Based on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendants DMV-Moorhead and Chelsea Sylvester's Motion to Dismiss and/or for Summary Judgment [ECF No. 23] is **GRANTED**; and

2. This action is **DISMISSED** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 14, 2022　　　　　　　　　　s/ Eric C. Tostrud
　　　　　　　　　　　　　　　　　　　　　Eric C. Tostrud
　　　　　　　　　　　　　　　　　　　　　United States District Court

---

[4]   Because Defendants' motions are granted on these grounds, it is not necessary to address their arguments challenging the merits of Jenni's claim.